```
                                    FILED IN THE
                              UNITED STATES DISTRICT COURT
                                   DISTRICT OF HAWAII

                                      MAR 1 6 2006
                              at ___ o'clock and ___ min. ___ M
                                    SUE BEITIA, CLERK
```

Doc 2006-049557
MAR 15, 2006 01:00 PM

| LAND COURT SYSTEM | REGULAR SYSTEM |

After Recordation, Return by Mail ( ) Pickup ( ) To:

MICHAEL JAY GREEN, ESQ.           Defendant:   Lani Ann Brewer
345 Queen Street, Second Floor                 Cr. No. 04-00134 SOM
Honolulu, Hawaii 96813
Telephone: (808) 521-3336

---

TITLE OF DOCUMENT: **MORTGAGE TO SECURE OBLIGATION PURSUANT TO 18 U.S.C. §3142 (c)(2)(k)**

DATE: MARCH 13, 2006

PARTIES TO DOCUMENT:

"Mortgagor": **CHRISTOPHER DAVID ROBINSON**, husband of Lani Ann Robinson.

"Mortgagee": **SUE BEITIA, CLERK, UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII.**

PRINCIPAL AMOUNT: **U.S. $50,000.00**

| PROPERTY DESCRIPTION: | BOOK/PAGE: |
|---|---|
| 66-481 Kilioe Place<br>Haleiwa, Hawaii 96712<br>Tax Map Key No.: (1) 6-6-010:007<br>(See Exhibit "A") | DOCUMENT NO.: 99-116159<br><br>TRANSFER CERTIFICATE<br>OF TITLE NO(S).: |

(TOTAL NUMBER OF PAGES: 8 )

## MORTGAGE TO SECURE OBLIGATION
## PURSUANT TO 18 U.S.C. §3142 (c)(2)(k)

**KNOW ALL MEN BY THESE PRESENTS:**

That **CHRISTOPHER DAVID ROBINSON**, husband of Lani Ann Robinson, whose residence and post office address is 66-481 Kilioe Place, Haleiwa, Hawaii 96712, hereinafter called the "Mortgagor", in order to secure the sum of **FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00)** in favor of **SUE BEITIA, CLERK, UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII,** whose principal place of business and post office is 300 Ala Moana Boulevard, Honolulu, Hawaii 96813, hereinafter called "Mortgagee", does hereby grant, convey, assigns, forever, all of that certain real property described in Exhibit "A", attached hereto and made a part hereof, hereinafter referred to as the "mortgaged property".

TOGETHER WITH all buildings, structures and other improvements of any nature whatsoever, including fixtures thereunto attached, now or hereafter located or constructed on the Land (hereinafter called the "Improvements").

TO HAVE AND TO HOLD the same with all rights, easements, privileges and appurtenances thereto belonging, and the rents, issues and profits thereof, forever.

SUBJECT, HOWEVER, to any encumbrances referred to in Exhibit "A" hereto.

PROVIDED, HOWEVER, that if the Mortgagor shall satisfy the agreement concerning **LANI ANN BREWER** pursuant to 18 U.S.C. §3142 (c)(2)(k), made by the Mortgagor in favor of the Mortgagee (herein called the "Obligation"), THEN THESE PRESENTS SHALL BE VOID;

BUT UPON DEFAULT OF THE OBLIGATION, and upon foreclosure, the Mortgagee shall have the immediate right to receive and collect all rents, income and profits from the property hereby mortgaged due or accrued or to become due and said rents and profits are hereby assigned to the Mortgagee and said Mortgagee is hereby irrevocably appointed attorney-in-fact of the Mortgagor with power in the name of the Mortgagor or the Mortgagee to demand, sue for, collect, recover and receive all such rents and profits, to compromise and settle claims for rents or profits upon such terms and conditions as to the Mortgagee may seem proper, and to enter into, renew or terminate leases or tenancies.

The Mortgagee may foreclose this mortgage by civil action with the immediate right to a receivership upon ex parte order and without bond pending foreclosure, or (with or without entry and possession) by advertisement and sale of the mortgaged property or any part thereof either as a whole or in parcels, together with all improvements that may be upon the property so sold, at public auction, and may in the Mortgagee's own name or as the attorney-in-fact of the Mortgagor, for such purpose hereby irrevocably appointed, effectually convey the property so sold to the purchaser or purchasers absolutely and forever. Any foreclosure shall forever bar the Mortgagor and all persons claiming under the Mortgage from all right and interest in the mortgaged property. (Out of the proceeds of any foreclosure sale the Mortgagee may deduct all costs and expenses of sale, foreclosure and/or suit including attorney's fees and may pay and discharge any prior lien on the mortgaged property and/or advances made by the Mortgagee for the benefit or protection thereof or connected with this mortgage and retain or be awarded all sums then payable by or chargeable to the Mortgagor on every account, secured hereby and every other account rendering to the Mortgagor the surplus, if any.

### AND THE MORTGAGOR HEREBY COVENANTS AND AGREES WITH THE MORTGAGEE THAT:

1. The Mortgagor is the owner of the real property mortgaged hereby and has good and absolute title to all existing personal property mortgaged hereby; that the Mortgagor has good right and lawful authority to encumber, assign and convey the same; that all conditions, covenants and restrictions in any deed grant of easement or declaration has been performed and observed by Mortgagor up to the date hereof; that the mortgaged property is free from encumbrances excepting only such encumbrances, if any, as may be specifically described in Exhibit "A"; that the Mortgagor shall quietly enjoy and possess the same and that the Mortgagor will warrant and defend the same unto the Mortgagee against the lawful claims and demands of all persons excepting only claims arising out of such encumbrances, if any, as may be specifically described in Exhibit "A".

2. The Mortgagor shall satisfy and shall pay and discharge all taxes, rates, assessments, rents, impositions, duties and charges of every kind and nature, which are or may hereafter be levied or become or threaten to become a charge or lien upon or against or relate to the mortgaged property and will, upon request, deposit the receipts therefore with the Mortgagee. Upon default of any such payment or upon failure to observe or perform any covenant or condition of this mortgage, or with or without default, in the event of litigation, actions or claims affecting the security, the Mortgagee may, at its option, without notice or demand, make any advances or incur such expenses or attorney's fees or otherwise act, as the Mortgagee may seem proper or necessary to protect said property and/or carry out the covenants of this mortgage and the rights of the Mortgagee may recover any such advances made and all expenses, including attorney fees, paid or incurred by the Mortgagee, upon demand, together with interest thereon to the date of payment at the rate of twelve percent (12%) per annum, and the same shall be secured hereby.

3. The Mortgagor shall keep the mortgaged property in good condition and repair, shall comply with all laws and governmental rules and regulations applicable thereto, and shall not commit or suffer any strip or waste or any unlawful, improper or offensive use of the mortgaged property or any act or negligence whereby the same or any process of law, in bankruptcy or otherwise, or by which the security hereof shall be impaired or threatened; and that the Mortgagee may enter and inspect the premises and make any repairs which the Mortgagee deems proper and the cost thereof shall constitute an advance under paragraph 2 hereof;

4. The Mortgagor will procure and maintain (or cause to be procured and maintained), at all times during the effectiveness of their mortgage, insurance in such forms and covering such risks and hazards and in such amount as are reasonably satisfactory to the Mortgagee. Such insurance shall include:

   (a) hazard and fire insurance with extended coverage with amounts not less than the full insurable replacement value hereof;

   (b) public liability and property damage insurance against claims for bodily or personal injury or death or property damage suffered by others occurring on, in, or about any of the mortgaged property;

   (c) flood insurance, if and to the extent required;

(d) all such other insurance all insurable properties constituting part of the mortgaged property, and insuring all insurable activities of the Mortgagor, against all other risks usually insured against by persons operating like properties in the locality where the mortgaged property is located.

This Mortgage constitutes, and the Mortgagor hereby acknowledges receipt of, written notice from the Mortgagee that the Mortgagee may not make the granting of the Loan contingent on the procuring of any insurance policy from an insurance company designated by the Mortgagee. All insurance policies required by this Mortgage shall (a) prohibit cancellation or substantial modification by the insurer without at least thirty (30) days prior written notice to the Mortgagee, and (b) provide that the insurance shall not be invalidated as to the Mortgagee by any act or neglect of any person owning or leasing the mortgaged property, or by foreclosure or by any other change in the title or ownership of the mortgaged property, and (c) contain an agreement by the insurer that the policy constitutes primary insurance. All casualty insurance policies required by this Mortgage shall be carried in the name of the Mortgagor, shall contain a standard mortgagee clause (without contribution) in favor of the Mortgagee, and provide the losses thereunder shall be adjusted with the insurer of the Mortgagor, but with settlements subject to the approval of the Mortgagee, on behalf of the insured parties. Upon the execution of this Mortgage and thereafter not less than ten (10) days prior to the expiration dates of expiring policies, originals of all policies of such insurance (or certificates thereof in form acceptable to the Mortgagee) shall be deposited with the Mortgagee. If the Mortgagor fails to carry any insurance or fails to deliver the policies (or certificates) to the Mortgagee, then the Mortgagee, at their option but without being obligated to do so, may procure such insurance from year to year and pay the premiums therefor, and the Mortgagor will reimburse the Mortgagee on demand for premiums so paid, with interest thereon from the time of payment at the rate of 12% per annum, and the same shall be secured by this Mortgage.

5. If any suit, proceeding or other contingency shall arise or be threatened related to the mortgaged property, the Mortgagee, may at their option, without notice of demand, make any advances or incur such expenses or otherwise act as may in the judgment of the Mortgagee which seem advisable to protect the security of the Mortgagee hereunder or carry out the covenants of the Mortgagor herein, even though any tax assessment, rate, encumbrance or charge paid by the Mortgagee shall be invalid. All advances, costs, expenses and attorney's fees which the Mortgagee may make, pay or incur under any provisions of this instrument for the protection of the security of the Mortgagee or any of the rights of the Mortgagee in connection with the mortgaged property, or in the foreclosure proceedings commenced and subsequently abandoned, or in any dispute or litigation in which the Mortgagee or the holder of the note may become involved by reason of or arising out of this mortgage shall be paid by the Mortgagor to the Mortgagee upon demand, with interest thereon at the rate of 12% per annum, which obligations shall be additional charges upon the mortgaged property and be equally secured hereby.

6. In the event the mortgaged property or any part thereof is condemned whether or not the Mortgagor shall be in default hereunder at that time, the Mortgagee may appear and defend any such suit and any portion or all of any condemnation award to which the Mortgagor is entitled is hereby assigned to the Mortgagee and the Mortgagee is hereby irrevocably authorized to demand, sue for, collect, receive and receipt for, and apply the same upon any obligation secured hereby and all costs, expenses, and attorney's fees paid or incurred by the Mortgagee shall constitute an advance hereunder.

7. In the event of a sale of the property or any part or parts thereof under and by virtue of the provisions of this mortgage, the purchaser or purchasers thereof shall have immediate and peaceable possession of the same and that if the Mortgagor shall remain in possession after the

effective date of such sale such possession shall be construed as a tenancy at sufferance only, giving unto the purchaser all remedies by way of summary possession or otherwise, conferred by law in such case.

8.  The Mortgagor and any successor in interest to the whole or any part of the mortgaged property, hereby waives diligence, presentment, demand notice of dishonor, and consents to the extensions of time, surrender or substitution of security, failure to apply deposit or other forbearance, without notice, with respect to any indebtedness hereby secured.

9.  Without affecting the liability of any person, including the Mortgagor, for the payment of any liabilities or indebtedness secured hereby, or the lien of this mortgage on the mortgaged property (or the remainder thereof) for the full amount of any indebtedness unpaid, the Mortgagee may from time to time, without the consent of the Mortgagor and without affecting or impairing any of the Mortgagee's rights under this mortgage (a) release any person liable for the payment of any of the indebtedness, (b) extend the time or otherwise alter the terms of payment of any of the indebtedness, (c) accept additional security therefor of any kind, indulge in deeds of trust or mortgages, (d) alter, substitute or release any property securing the indebtedness, (e) report to the securities therefor in such order and manner as the Mortgagee may see fit, (f) join in granting any easement or creating any restriction thereon, and (g) join in any subordination or other agreement affecting this mortgage or the lien or charge thereof.

10.  The Mortgagor, in all respects and at all times during the continuance of the mortgages prior to this mortgage, will and faithfully observe and perform all of the covenants and conditions thereof to be observed and performed on the part of the Mortgagor, and will prevent any foreclosure thereof. The observance of the provisions of any prior mortgages regarding insurance on improvements and the mortgaged property shall during their continuance, be deemed a compliance to the extent with the requirements of this mortgage relating to insurance, provided, however, that all insurance on the mortgaged property shall be for the benefit of the Mortgagee hereunder subject only to the lawful rights and claims of mortgagees under the prior mortgages.

11.  The Mortgagor agrees that the Mortgagee may cause this mortgage to be filed for record in the Bureau of Conveyances of Hawaii and/or in the Office of the Assistant Registrar of the Land Court of Hawaii and enforce the mortgage and acquire title to the mortgaged property and any removable improvements in any lawful way, and rent the property pending foreclosure and acquisition and disposal of title. The Mortgagee may sell and assign same and the improvements thereon the purchaser may execute a purchase money mortgage to any recognized lending institution for part of the purchase price, or the Mortgagee may let the mortgaged property in whole.

12.  Anything to the contrary notwithstanding, if this mortgage and the rights of the Mortgagee hereunder are subordinate to any prior mortgage, the Mortgagor covenants not to make or permit any breach of any term, covenant or condition in said mortgage. This mortgage is made upon the express condition that if any default shall be made in the payment of any indebtedness secured by or in the performance or observance of any term, covenant or condition contained in any of said mortgages, then, at the option of the Mortgagee, the entire unpaid balance of all indebtedness secured by this mortgage, together with interest thereon, shall at once become due and payable and this mortgage may be foreclosed as if default had been made in the performance of these present.

13.  The term "Mortgagee" as and when used herein shall include the named Mortgagee and their heirs, personal representatives, successors and assigns; and the term "Mortgagor" as and when used herein shall include the plural and in such case shall bind the Mortgagors jointly and

severally, and their respective heirs, personal representatives, successors and assigns. The terms "advances", "costs", and "expenses" wherever herein used, shall include attorney's fees whenever incurred. These presents shall be equally binding upon and inure to the benefit of the legal representatives and successors in interest of the parties hereto respectively and shall be construed in accordance with the laws of the State of Hawaii.

    **IN WITNESS WHEREOF**, the undersigned have executed these presents this 13th day of March, 2006.

                                                  */s/ Christopher David Robinson*
                                                 CHRISTOPHER DAVID ROBINSON

                                                             "Mortgagor"

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 13th day of March, 2006, before me appeared CHRISTOPHER DAVID ROBINSON, to me personally known, who being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Type/Print Name: ROBIN MELCITOR
Notary Public, State of Hawaii

My commission expires: 3.30.08

## EXHIBIT "A"

All of that certain parcel of land situate at Paalaa, District of Waialua, City and County of Honolulu, State of Hawaii, being LOT 4 of the "HALEIWA HALE SUBDIVISION", as shown on File Plan Number 1327, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 5,058 square feet, more or less.

BEING the Premises acquired by:

DEED

| | |
|---|---|
| Grantor: | CHRISTOPHER DAVID ROBINSON, unmarried, and KAREN ANN ROBINSON, unmarried |
| Grantee: | CHRISTOPHER DAVID ROBINSON, unmarried, as Tenant in Severalty |
| Dated: | July 16, 1999 |
| Recorded: | Document No. 99-116159 |

SUBJECT, HOWEVER, TO THE FOLLOWING:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. MORTGAGE

| | |
|---|---|
| Mortgagor: | CHRISTOPHER DAVID ROBINSON, unmarried |
| Mortgagee: | BANK OF HAWAII, a Hawaii corporation |
| Dated: | July 7, 1999 |
| Recorded: | Document No. 99-116160 |
| Amount: | $145,000.00 |
| Loan/Acct No.: | 0684911 |

## END OF EXHIBIT "A"

66-481 Kilioe Place
Haleiwa, Hawaii 96712
Tax Map Key No.: (1) 6-6-010:007