ORIGINAL

EDWARD H. KUBO, JR.        2499
United States Attorney

FLORENCE T. NAKAKUNI       2286
Chief, Organized Crime
 and Narcotics Section

MICHAEL K. KAWAHARA        1460
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Mike.Kawahara@usdoj.gov

THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 23 2007

at ____ o'clock and ____ min. __M__
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-0134SOM-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| VS. | ) | **[LANI ANN BREWER]** |
| | ) | |
| MICHAEL ALLEN BUSH,        (01) | ) | |
| LANI ANN BREWER,           (02) | ) | |
| HENRY J. MERRILL, also     (03) | ) | |
|  known as "Hank", | ) | |
| TIMOTHY DARE,              (04) | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF PLEA AGREEMENT
### [LANI ANN BREWER]

Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
Defendant, LANI ANN BREWER (hereinafter "defendant" or "Brewer"),
and her retained attorney, Michael J. Green, Esq., of Honolulu,
HI, have agreed upon the following:

1.   Defendant acknowledges that she has been charged

in the Third Superseding Indictment returned March 23, 2006
(hereinafter "Indictment") in Count 1 with conspiring with her
named co-defendants to distribute and to possess with intent to
distribute five-hundred (500) grams or more of cocaine, said
offense occurring during the approximate period October 1 -
December 30, 2003, in violation of 21 U.S.C. 846, 841(a)(1), and
841(b)(1)(B).  Defendant has already received a copy of this
Indictment.

        2.   Defendant has read the charge and allegations
against her contained in the Indictment, and this charge has been
fully explained to her by her attorney.  In making her decision
to plead guilty, defendant has had the full opportunity to
consult with her undersigned defense attorney, and she is fully
satisfied with the legal representation and advice she has
received from her defense attorney.

        3.   Defendant fully understands the nature and
elements of the crime with which she has been charged.

        4.   Defendant will enter a voluntary plea of guilty to
Count 1 in the Indictment (conspiring to distribute/possess with
intent to distribute five-hundred grams or more of cocaine).

        5.   Defendant agrees that this Memorandum of Plea
Agreement shall be filed and become part of the record in both
criminal cases.

        6.   Defendant enters this plea because she is in fact

2

guilty of the crime charged against her in the Indictment, and she also agrees that this plea is voluntary and not the result of force or threats.

7.    Defendant understands that the statutory penalties for the crime charged in Count 1, to which she is pleading guilty, are as follows: a term of imprisonment of at least five (5) years and up to forty (40) years, a fine of up to $2,000,000, or both, and a term of supervised release of at least four (4) years and up to life in addition to any imprisonment term adjudged. See 21 U.S.C. 841(b)(1)(B).

A.    At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

B.    In addition, the Court must impose a $100 special assessment as to each felony count to which the Defendant

3

is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8.  Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

A.  In November 2003, a person named Todd Takata had arranged for approximately one kilogram of cocaine to be sent from California to a mail box at A-O-K Business Services, 350 Ward Avenue, in Honolulu.  Takata initiated these arrangements with co-defendant Henry J. Merrill ("Merrill").

B.  During November 2003, Merrill, in turn, made arrangements with co-defendant Michael Allen Bush ("Bush") to open a private mail box at A-O-K Business Services.  Bush subsequently enlisted Brewer to open the mail box at A-O-K Business Services for the purpose of receiving the cocaine parcel.  Brewer thereafter opened such a private mail box account in her name.

4

C.  On November 26, 2003, United Parcel Service ("UPS") delivered the following parcel to A-O-K Business Services: one (1) white cardboard box bearing UPS tracking number #1Z 689 W69 01 4198 5901, addressed to Lani Brewer and Assoc. (this being the private mail box Brewer had opened), 350 Ward Ave, PMB [private mail box] #25, Ste. 106, Honolulu, HI, and bearing a return address in Encinitas, CA (hereinafter referred-to as the "subject parcel").  UPS had shipped the subject parcel from California to Hawaii.

D.  Federal law enforcement agents seized the subject parcel from A-O-K Business Services and later searched it, finding therein the cocaine described in greater detail in paragraph 10(a)(1) of this Agreement.

E.  On November 28, 2003, Bush and Brewer went to A-O-K Business Services to pick up the subject parcel.  However, they were advised by A-O-K Business Services that the parcel had inadvertently been returned back to UPS.

F.  On November 28, 2003, Takata and Merrill parked their vehicle in the vicinity of A-O-K Business Services, such that they could observe Bush and Brewer pick up the subject parcel from the business.  They were able to see Bush and Brewer depart from the business.

G.  At all relevant times, Brewer knew that: (1) the subject parcel contained cocaine; (2) this cocaine was being

sent from California for the purpose of distribution to other persons in Hawaii; (3) that Bush and other persons were involved in the distribution of this cocaine; and (4) by opening this private mail box, she would be assisting and facilitating in this distribution of cocaine.

9.   Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.   Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.   Factual stipulations:

(1) Quantity of cocaine involved in Offense of Conviction: As determined by the DEA Southwestern Laboratory, the cocaine contained in the subject parcel was determined to be as follows:

| Drug Ex.#: | Controlled Substance: | Net Wgt: | Purity |
|---|---|---|---|
| 20 | Cocaine Hydrochloride | 999.1 gm | 80% |

6

Cocaine Hydrochloride ("HCl") is a cocaine salt and a Schedule II narcotic controlled substance.

        b.    Offense level stipulations:

        (1) Based upon the foregoing quantity of cocaine, defendant's Base Offense Level is "26" (500 grams - 2 kilograms of cocaine, see Guideline 2D1.1(c)(7)).

        c.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

        d.    Prosecution recommendations:  Based upon information presently known to the prosecution, as of the date of

the execution of this Agreement, the United States will <u>not</u> argue at the time of sentencing of the defendant:

(1)   That defendant was not a minimal participant within the meaning of Guideline 3B1.2(a).

(2)   That defendant did not accept criminal responsibility for the offense of conviction within the meaning of Guideline 3E1.1(a).

(3)   That defendant is ineligible for the "safety valve" provision within the meaning of 18 U.S.C. 3553(f) and Guidelines 2D1.1(b)(7) and 5C1.2.

e.   With respect to subparagraphs (c) and (d) above, the Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

8

12.   The parties are presently unaware of any factual disputes affecting the sentencing of defendant herein.

13.   The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of

9

his sentence in a collateral attack.

        c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

        14.  The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering her right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines.  The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

        15.  The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges

10

adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

f.  At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

17.  Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

12

18.    Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.    Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.    The Defendant agrees that she will fully cooperate with the United States.

a.    She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify in connection with this and other cases, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in this and other investigations, and related

13

civil proceedings, as well as all other criminal cases in which she has assisted law enforcement authorities.

b.  Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office of the District of Hawaii at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

c.  Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crime in this case or any subsequent charges related to the investigation in this case, at which the prosecution requests her to testify.

d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

e.  Defendant shall not violate any Federal, State or local laws.

22.  In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made

14

statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the charge in the Indictment in the Hawaii case on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b. This Agreement does not require the prosecution to make such a request or motion.

c. This Agreement confers neither any right upon

15

the Defendant to have the prosecution make such a request or

motion, nor any remedy to Defendant in the event the prosecution

fails to make such a request or motion.

       d.  Even in the event that the prosecution makes

such a request or motion, the Court may refuse to depart from the

Guidelines or to impose a sentence below the minimum level

established by statute.

      DATED:  Honolulu, Hawaii, February 23, 2007.

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

LANI ANN BREWER
Defendant


FLORENCE T. NAKAKUNI
Chief, Organized Crime
  and Narcotics Section

MICHAEL J. GREEN
Attorney for Defendant


MICHAEL K. KAWAHARA
Assistant U.S. Attorney

16